930 F.2d 32
Unpublished Disposition
 NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
ATOKA CARE CENTER, Plaintiff-Appellant,
v.
CANADAY NURSING HOME, INC., Defendant-Appellee.
 No. 90-7075.
 United States Court of Appeals, Tenth Circuit.
 Feb. 21, 1991.
 
 E.D.Okl., No. 89-435-C.
 E.D.Okl.
 AFFIRMED.
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Atoka Care Center appeals the bankruptcy court's order, affirmed by the district court, requiring Atoka to reimburse Canaday Nursing Home, Inc. $19,066.11 in monies paid to Atoka belonging to Canaday after allowance of one offset. The only issue on appeal is whether additional offsets that would have wiped out the entire obligation were erroneously denied by the bankruptcy and district courts.
 
 
 3
 Canaday, the operator of a nursing home, was a debtor in possession in Chapter 11 bankruptcy proceedings. An Oklahoma Department of Human Services check drawn payable to Canaday was apparently endorsed by Atoka and appropriated by it. When the bankruptcy court ordered the surrender of the funds to the bankruptcy estate a dispute arose concerning certain offsets claimed by Atoka in the form of expenses paid, accrued employee vacation paid, reimbursement for a promissory note Atoka made promising payment of rentals owed by Canaday, and certain other expenses. The bankruptcy court denied relief with respect to the setoffs on various grounds: (1) Atoka was under no obligation to make some payments and did so voluntarily; (2) Atoka presented insufficient evidence that the amount represented by the promissory note was due and owing from Canaday; and (3) Title 19 expenditure reports were illegible and did not provide sufficient information for the court to allow the amount as a setoff.
 
 
 4
 Before the district court Canaday presented the additional defense that while some of the expenditures might appropriately be considered administrative expenses, they were not presented in the proper form, and they would have to share or take lower priority than certain other administrative expenses such as claims of the examiner, the U.S. trustee, and other unpaid claims. The district court found "no error" in the bankruptcy court's determination, and found for Canaday on the additional ground that "Atoka did not follow proper statutory procedure for seeking recovery of administrative expenses." Order of Aug. 23, 1990, at 3.
 
 
 5
 The bankruptcy court's findings, affirmed by the district court, with respect to whether certain payments were voluntary and not owing by Canaday, and whether Atoka presented adequate and legible proof of the claims, are subject to review on a clearly erroneous basis. The district court's additional ground for affirmance, that proper procedures were not followed, should be reviewed on a de novo basis because it is a conclusion of law. See In re Branding Iron Motel, Inc., 798 F.2d 396, 399-400 (10th Cir.1986).
 
 
 6
 After examining the record we cannot find the bankruptcy court's fact determinations to be clearly erroneous. We also agree that Atoka cannot elevate potential Chapter 11 administrative expense claims over the normal order of priority set forth in 11 U.S.C. Secs. 503(b), 507(a), and 726(b) by simply paying them and offsetting the sums against assets owed to the estate, thereby potentially frustrating the system of priorities set up in the bankruptcy law. See Bankruptcy Rules 2002 and 2016.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3